IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAMELA SAYLOR,

       Plaintiff,

  vs.                                  Civil Action 2:14-cv-1287
                                       Judge Frost
                                       Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION**

I.    Background

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is before the Court for consideration of plaintiff's *Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 12, the *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 16, and *Plaintiff's Reply to Defendant's Opposition*, Doc. No. 17.

Plaintiff Pamela Saylor protectively filed her application for a period of disability and disability insurance benefits on February 22, 2011, and her application for supplemental security income on February 21, 2011, alleging that she has been disabled since September 1, 2010. *PAGEID* 68, 287-96. The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on April 11, 2013, at which plaintiff, represented by counsel, appeared and testified, as did Mark Pinti, who testified as a vocational expert. *PAGEID* 86. In a decision dated May 6, 2013, the administrative law judge concluded that plaintiff was not disabled from September 1, 2010, through the date of the administrative decision. *PAGEID* 68-80. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 21, 2014. *PAGEID* 54-56.

Plaintiff was 50 years of age on the date of the administrative decision. *See PAGEID* 80, 287. Plaintiff is insured for disability insurance purposes through September 30, 2015. *PAGEID* 70. Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a cashier and care provider. *PAGEID* 78. She has not engaged in substantial gainful activity since September 1, 2010, the alleged disability onset date. *PAGEID* 70.

**II. Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of "degenerative disc disease and anxiety, depression and polysubstance abuse (active, yet the claimant denied it)." *PAGEID* 70. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasional ladders, ropes, and scaffolds; she can perform simple and mildly detailed tasks of a repetitive nature; and, can

handle no more than frequent changes in the work setting." *PAGEID* 71-72. Although this RFC would preclude plaintiff's past relevant work as a cashier and care provider, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such representative jobs as ticket seller and mail clerk. *PAGEID* 78-79. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from September 1, 2010, through the date of the administrative decision. *PAGEID* 79-80.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff contends that the administrative law judge improperly evaluated the medical evidence of record. Although plaintiff specifically argues that the administrative law judge erred in evaluating the opinions of a number of acceptable medical sources and other sources, *see Statement of Errors*, pp. 1-12, the Court concludes that the matter must be remanded for further consideration of the opinions of the state agency psychological consultants.

Aracelis Rivera, Psy.D., reviewed the record for the state agency and completed a mental residual functional capacity assessment on May 18, 2011. *PAGEID* 128-30. Dr. Rivera opined that plaintiff was moderately limited in her ability to understand and remember detailed instructions, but "can understand and remember simple and mildly detailed instructions." *PAGEID* 129. Plaintiff is moderately limited in her ability to maintain attention and concentration for extended periods and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest

4

periods. *PAGEID* 129. Plaintiff "can perform simple and mildly detailed tasks of repetitive nature." *PAGEID* 129-30. Plaintiff is also moderately limited in her ability to respond appropriately to changes in the work setting. *PAGEID* 130. Dr. Rivera explained that plaintiff "appeared depressed and has anxiety. This would affect her ability to tolerate stress from frequent changes in a work setting." *Id.*

Patricia Semmelman, Ph.D., also reviewed the record for the state agency and completed a mental residual functional capacity assessment on September 22, 2011. *PAGEID* 154-55. Accordingt o Dr. Semmelman, plaintiff is moderately limited in her ability to maintain attention and concentration for extended periods and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *PAGEID* 154. Plaintiff "can perform simple and mildly detailed tasks of repetitive nature." *Id*. Dr. Semmelman also opined that plaintiff is moderately limited in her ability to respond appropriately to changes in the work setting. *PAGEID* 155. Dr. Semmelman explained that plaintiff "appeared depressed and has anxiety. This would affect her ability to tolerate stress from frequent changes in a work setting." *Id*.

As physicians who did not examine plaintiff but who provided medical opinions in this case, Dr. Rivera and Dr. Semmelman are properly classified as nonexamining sources. 20 C.F.R. §§ 404.1502, 416.902 (A nonexamining source is "a physician, psychologist, or other

5

acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case."). An administrative law judge is required to evaluate every medical opinion, regardless of its source. 20 C.F.R. §§ 404.1520b, 404.1527, 416.920b, 416.927. When evaluating the opinion of state agency reviewing physicians such as Dr. Rivera and Dr. Semmelman, an administrative law judge should consider factors "such as the consultant's medical specialty and expertise in [the Commissioner's] rules, the supporting evidence in the case record, supporting explanations the medical or psychological consultant provides, and any other factors relevant to the weighing of the opinions." 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii). "Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical . . . consultant," "as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources." *Id*.

In the case presently before the Court, the administrative law judge evaluated the opinions of Dr. Rivera and Dr. Semmelman as follows:

> The State agency psychological consultants found that the claimant could work within the mental limitations noted above (Exhibits 5A; 6A; 9A; 10A). Their findings are given significant weight, as they have had the opportunity to examine the claimant's medical records and their findings are consistent with the evidence of record.

*PAGEID* 77. Plaintiff argues that the administrative law judge erred in evaluating the opinions of Dr. Rivera and Dr. Semmelman because she

6

"failed to explain why her own determined residual functional capacity is at odds with those very State agency opinions which she afforded 'significant weight.'" *Statement of Errors*, p. 9.  Plaintiff argues that it was error to find that plaintiff could perform work that allowed for frequent changes in the work setting when Dr. Rivera and Dr. Semmelman both opined that plaintiff is moderately limited in her ability to respond to changes in the work setting and that plaintiff's depression and anxiety "would affect her ability to tolerate stress from frequent changes in a work setting." *Id*.  According to plaintiff, the administrative law judge erred by assigning significant weight to these opinions without addressing this inconsistency.  *Id*.  Plaintiff also argues that the administrative law judge failed to provide citations to the record, failed to evaluate the appropriate factors, and failed to consider that Dr. Rivera and Dr. Semmelman did not have access to the entire record.  *Id*.

   The Commissioner responds that "the ALJ afford[ing] significant weight to the opinions of the state agency psychological consultants despite limiting Plaintiff to 'no more than frequent changes in the work setting,' is not reversible error." *Commissioner's Response*, p. 12.  According to the Commissioner, the administrative law judge's "ultimate Step 5 finding reasonably accommodates" the opinions of Dr. Rivera and Dr. Semmelman by "[t]he RFC restriction to repetitive work, the fact that the VE identified unskilled jobs, and the description of the relevant jobs in the DOT together." *Id*. at pp. 12-13.  The Commissioner also argues that the administrative law judge's

7

"additional hypothetical to the VE provides substantial evidence in support of her ultimate finding that Plaintiff could perform work in the national economy." *Id*. at p. 13.

The administrative law judge noted that Drs. Rivera and Semmelman "found that the claimant could work within the mental limitations noted above," *i.e.*, the RFC determined by the administrative law judge, and assigned "significant weight" to their opinions. *PAGEID* 77. The opinions of Drs. Rivera and Semmelman are not, however, consistent with the administrative law judge's RFC determination. Drs. Rivera and Semmelman both opined that plaintiff has adaptation limitations that are not included in the RFC determination. Both doctors opined that plaintiff's ability to respond appropriately to changes in the work setting is moderately limited and that plaintiff's depression and anxiety "would affect her ability to tolerate stress from frequent changes in a work setting." *PAGEID* 130, 154-55. In contrast, plaintiff's RFC as found by the administrative law judge limits her to "no more than frequent changes in the work setting." *PAGEID* 72. The Commissioner argues that plaintiff's adaptation limitations are accounted for in the limitation to repetitive work. *Commissioner's Response*, pp. 12-13. However, Drs. Rivera and Semmelman opined that the limitation to "tasks of repetitive nature" was a limitation in sustained concentration and persistence, not in adaptation. *PAGEID* 129-30, 154. The administrative law judge did not address these inconsistencies. Moreover, contrary to the Commissioner's argument, *Commissioner's Response*, p. 13, the

8

additional hypotheticals posed to the vocational expert did not account for the adaptation limitations found by Drs. Rivera and Semmelman.  *See PAGEID* 113-16; *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994) (where a hypothetical accurately described the plaintiff in all relevant respects, the vocational expert's response to the hypothetical question constitutes substantial evidence).  Under these circumstances, the Court concludes that the matter must be remanded for further consideration of the opinions of Dr. Rivera and Dr. Semmelman.

It is accordingly **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security for further consideration of the opinions of Dr. Rivera and Dr. Semmelman.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

9

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


May 21, 2015                                        *s/Norah McCann King*
                                                    Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge