UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAMELA SAYLOR,

      Plaintiff,

  v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 2:14-cv-1287
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's May 21, 2015 Report and Recommendation ("R&R") recommending that the Court remand this case to the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g), sentence four (ECF No. 18), the Commissioner's objection to the R&R (ECF No. 19), and Plaintiff's response to the Commissioner's objection (ECF No. 21). For the reasons that follow, the Court **OVERRULES** the Commissioner's objection, **ADOPTS AND AFFIRMS** the R&R, and remands this case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

    **I.**    **BACKGROUND**

Plaintiff filed an application for benefits on February 22, 2011, alleging that she is disabled due to degenerative disc disease and mental issues such as anxiety and depression, among other ailments. An administrative law judge ("ALJ") held a hearing on Plaintiff's claim. Although she agreed that Plaintiff suffered from the stated impairments, the ALJ found that Plaintiff is able to perform a significant number of jobs in the national economy, including such

1

representative jobs as ticket seller and mail clerk, such that Plaintiff is not disabled within the meaning of the Social Security Act (the "Act").

In reaching her conclusion, the ALJ found that Plaintiff has the residual functional capacity ("RFC") "to perform light work . . . she can perform simple and mildly detailed tasks of a repetitive nature; and, can handle no more than frequent changes in the work setting." (ECF No. 9, at PAGEID # 72.)  Stated differently, the ALJ found that Plaintiff could perform repetitive tasks and could handle frequent changes in the work setting.  The ALJ incorporated her RFC finding into hypothetical questions to a vocational expert and relied on that expert's answers in concluding that Plaintiff was not disabled within the meaning of the Act.

Plaintiff filed a statement of specific errors to the ALJ's decision.  Plaintiff argued that the ALJ erred by, *inter alia*, finding that Plaintiff could handle frequent changes in the work setting while at the same time assigning significant weight to the state agency psychological consultants, both of whom concluded that Plaintiff was limited in her ability to adapt to frequent changes in the work setting.  Plaintiff further argued that the ALJ erred by failing to address the inconsistency between the consultants' opinions and the RFC finding.

The Magistrate Judge agreed.  In the R&R, the Magistrate Judge found that "the opinions of [the consultants] are not . . . consistent with the administrative law judge's RFC determination;" that, despite affording the consultants' opinions significant weight, "the administrative law judge did not address these inconsistencies;" and that the hypotheticals posed to the vocational expert "did not account for the adaptation limitations found by [the consultants]." (ECF No. 18, at PAGEID # 663–64.)  The Magistrate Judge concluded that the matter should be remanded for further consideration of the consultants' opinions.

The Commissioner objects to the Magistrate Judge's conclusion. The Court considers those objections below.

## II. ANALYSIS

### A. Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The R&R correctly sets forth the Court's standard of review in social security cases:

> Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case de novo, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).
>
> In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, see *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth*, 402 F.3d at 595.

(ECF No. 18, at PAGEID # 658–59.)

### B. Commissioner's Objections

The Commissioner first objects to the R&R on the ground that the Magistrate Judge erred

3

by concluding that the RFC does not account for the adaptability limitations that the state psychological consultants found to exist. According to the Commissioner, this conclusion is incorrect because the RFC's restriction to "repetitive" tasks encompasses the restriction on Plaintiff's ability to adapt to changes in the workplace. But this argument does not make sense given the ALJ's statement in her RFC finding that Plaintiff "can handle no more than frequent changes in the work setting." (ECF No. 9, at PAGEID # 72.) Not only is the phrase "no more than frequent changes" difficult to understand in and of itself, but it is rendered undecipherable if the preceding phrase encompasses a limitation on Plaintiff's ability to handle frequent changes in the work setting. Stated differently, the Court agrees with Plaintiff that the Commissioner's proposed interpretation of the RFC finding would render the finding inherently contradictory. The Commissioner's first objection therefore is without merit.

The Commissioner next argues that the ALJ's error in omitting the adaptability limitation is without consequence because, even with the added limitation, Plaintiff still would be capable of performing the jobs that the vocational expert identified. But the Court again agrees with Plaintiff and the Magistrate Judge that the vocational expert's testimony can only constitute substantial evidence in support of the ALJ's decision if the hypothetical questions posed to the vocational expert accurately describe the plaintiff's limitations. *See* ECF No. 18, at PAGEID # 664 (citing *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994)). The Commissioner's statement that, in her opinion, the DOL description of these jobs suggests that Plaintiff is capable of performing them is not evidence capable of supporting the ALJ's decision. The Commissioner therefore fails to persuade the Court that it should set aside any portion of the R&R.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Commissioner's objection (ECF No. 19), **ADOPTS AND AFFIRMS** the R&R (ECF No. 18), and remands this case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

>    /s/ Gregory L. Frost
>    **GREGORY L. FROST**
>    **UNITED STATES DISTRICT JUDGE**